**Edward P. Hoffman, Appellant, v. William Grace Company, Appellee.**

**Gen. No. 15,457.**

PERSONAL INJURIES—*when judgment in action for, not disturbed.* Where, taking the evidence most favorable to the plaintiff as true, and drawing therefrom the inferences most favorable to the plaintiff that can reasonably be drawn therefrom, the evidence fails to show that the defendant was guilty of the negligence alleged in the declaration, a verdict of not guilty is properly directed.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed January 3, 1911.

JACOB C. LE BOSKY, WILL J. BELL and H. F. DICKINSON, for appellant.

F. J. CANTY, E. E. GRAY and R. J. FOLONIE, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the plaintiff from a judgment of *nil capiat* entered on a directed verdict of not guilty, at the close of plaintiff's case, in an action on the case for personal injuries. The defendant was engaged in erecting the steel frame of a certain building, and the plaintiff was in the service of the defendant. Ten stories of the frame had been erected and some of defendant's employes were engaged in raising with a

derrick and tackle the plank used for a temporary floor at the eighth story, to the tenth, to be used in laying a temporary floor at that story. Plaintiff was at work on the eighth floor, in charge of a small party of men engaged in putting in place small beams, etc., that could be put in place without a derrick. A load of plank had been hoisted to the tenth floor and one of the planks slipped out of the load, fell and struck the plaintiff, inflicting on him the injuries complained of.

The negligence alleged in the declaration is that the defendant "so carelessly, negligently and improperly fastened and secured a bundle of planks on the eighth floor to the said derrick or hoisting apparatus on the tenth floor, of said structure that in hoisting same by means of said derrick, one of the planks in such bundle or load slipped therefrom as said bundle was being tipped or slanted for the purpose of guiding or steering same through the opening in the tenth floor of said building or structure, and then and there fell to the eighth floor of said building, and struck and injured the plaintiff." In the load so hoisted were 36 planks, 3 inches thick, 12 inches wide, 24 to 28 feet long, and each weighing about 90 pounds. A chain with a hook at its end was passed around the load three inches from the middle, and hooked around that part of the chain leading to the derrick. As the load was hoisted the chain slipped through the hook and was drawn tight around the load by its weight. There was a tag line attached to the load, which was used to steady the load. Because the chain was passed around the load a few inches from the middle, the load tilted at an angle of about forty-five degrees. As it reached the tenth story, in order to hoist it through a space about ten feet square, men standing on the beams at that story caught hold of the load and caused it to tilt more until it was nearly perpendicular. All of the witnesses who testified on the subject, testified that the chain was fastened and the load hoisted in the usual way. Plain-

tiff testified that he saw Littau put the chain around the load, and further testified on cross-examination as follows: "Q. The way these things are done is to wrap the chain around the timbers to be hoisted, taking a hook in the chain and hooking it on top of the bundle? A. Yes.   Q. Is that the way he was doing it?   A. I think it was."   Littau testified that he fastened the chain around the load in the way he usually did; that the chain and hook are the same as are ordinarily used; that he had seen many planks hoisted on different jobs; that he had seen chain loads of planks with more planks than the load in question and seen them with less; that the way they get a load through an opening was to tilt it; that nothing broke or gave way; that one plank came out from the center of the load and the rest of the load hung there for twenty minutes.

Our conclusion on a careful examination of the evidence is, that taking the evidence most favorable to the plaintiff as true, and drawing therefrom the inferences most favorable to the plaintiff that can reasonably be drawn therefrom, the evidence fails to show that the defendant was guilty of the negligence alleged in the declaration, and therefore a verdict of not guilty was properly directed.   This conclusion renders it unnecessary to consider the other questions argued by counsel on either side, and the judgment is affirmed.

*Affirmed.*